QUIÑONES, APPELLANT, v. REGISTRAR OF SAN GERMÁN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Recording a Possessory Title with Curable Defect.

No. 265.—Decided March 10, 1916.

POSSESSORY TITLE PROCEEDINGS—ACQUIESCENCE—FINAL DECISION—APPEAL—ESTOPPEL—CURABLE DEFECT.—Where there is no opposition to a possessory title proceeding and the secretary of the court certifies to that fact, the decision of the court approving the proceeding is acquiesced in and is final before the expiration of the time within which it could be appealed from, because the parties are estopped from attacking it; therefore the fact that it is not certified that the decision is final for the purposes of recording the proceeding in the registry of property does not constitute a curable defect.

ID.—ADJOINING LANDOWNERS—SUMMONS—REPRESENTATIVES.—A petitioner in a possessory title proceeding is not bound to show that persons summoned as adjoining landowners in their character of representatives of a succession or corporation are really such representatives, it being sufficient to allege that they are such representatives and should be summoned.

The facts are stated in the opinion.

*Mr. Benito Forés* for the petitioner.

The respondent registrar appeared *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Francisco P. Quiñones y Quiñones instituted proceedings in the Municipal Court of Cabo Rojo to prove his possession of four rural properties situated in the said municipal district. According to the petition initiating the proceedings, the first of said properties is bounded in part by lands of the Succession of Agustín Vega, represented by his widow, Dolores Toro y Cancel, and by lands of the plantation "Enriquita" belonging to The Ensenada Estates, Incorporated, represented by B. H. Doidge.

In a decision of January 14, 1916, the said municipal court adjudged that the possession of the four properties had been proved and ordered that they be recorded in the Registry of Property of San Germán in the name of the petitioner, without prejudice to third persons having better rights, and

for this purpose the original papers in the case were presented in the registry.

The Registrar of San Germán admitted the same to record in the following terms:

"The foregoing document is recorded on pages 66, 71, 74 and 77 of volume 33 of the municipality of Cabo Rojo, properties Nos. 1548, 1549, 1550 and 1551, first records, with the following curable defects: As to the first property of 8.75 *cuerdas,* it is not shown that the decision of the court approving the proceedings is final and there is no proof that B. H. Doidge and Eloísa Toro Cancel, known as Dolores, are the legal representatives of The Ensenada Estates, Inc., and the Succession of Agustín Vega, respectively. As to the other three properties, the first of these defects attaches."

This decision is submitted to our consideration in an administrative appeal taken therefrom and the original documents have been brought up to this court.

It appears from the proceedings that the order to summon the adjoining landowners was served personally on B. H. Doidge as representative of The Ensenada Estates, Incorporated, and Eloísa Toro y Cancel, known as Dolores. It appears also that upon delivering the papers in the case to the interested party in compliance with the said decision of January 14, the secretary of the municipal court certified that during the prosecution of the proceedings no one had opposed the same.

As regards the curable defect assigned in the decision appealed from that it was not shown that the decision of the municipal court approving the proceedings was final, we are of the opinion that it does not exist inasmuch as the secretary of the municipal court certified that during the prosecution of the proceedings no one had opposed the same.

No one appeared in the proceedings except the petitioner, Francisco P. Quiñones y Quiñones, and the *fiscal* of the District Court of Mayagüez. The former prayed in his petition that after summoning the *fiscal* and the adjoining landowners and hearing the evidence which he would introduce, the court

render judgment approving the proceedings and ordering that they be recorded in the registry. The *fiscal,* understanding that all the requirements of law had been complied with in the prosecution of the proceedings, stated expressly that he did not oppose their approval.

The decision of January 14 was consented to by both parties from its date, for they were estopped from attacking it; therefore it was final before the expiration of the time within which it could be appealed from by the *fiscal* or by any other person who may have opposed the approval of the proceedings, which, we repeat, no one did.

Our decisions in the case of *Soto* v. *The Registrar,* 15 P. R. R. 597; *Martínez* v. *The Registrar,* 16 P. R. R. 259; and *Porto Rican Leaf Tobacco Co.* v. *The Registrar,* 17 P. R. R. 215, are not applicable to this case, they being cases of dominion-title proceedings.

As regards the other defect assigned by the registrar that there was no proof that B. H. Doidge and Eloísa Toro Cancel, known as Dolores, were such representatives as they were alleged to be, we are of the opinion that the appellant was not bound to prove that Doidge and Toro Cancel were the representatives respectively of The Ensenada Estates, Incorporated, and the Succession of Agustín Vega. The petitioner alleged that they were such representatives and should be summoned, to the prejudice of the petitioner if any could result and subject to their repudiation of the representations attributed to them, against which they did not protest.

This is not a case in which it is sought to acquire jurisdiction of the persons summoned, in which case, perhaps, the question advanced by the registrar could be raised, but of compliance with a statutory provision the non-compliance with which would prejudice no one more than the petitioner if it should result that the persons summoned had not the legal representations attributed to them, apart from the fact that the approval of possessory title proceedings is always

without prejudice to third persons having better rights, all adjoining landowners being third persons.

Moreover, if proof should be exacted of such representation the conclusion might be reached also that it is likewise necessary to prove that persons summoned as adjoining landowners are such adjoining landowners, and this conclusion is openly contrary to the letter and spirit of the law.

For the reasons stated the decision appealed from is reversed as to the curable defects assigned therein.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.